not vacated, but simply amended, nunc pro tunc, to more nearly conform to the judgment of the court of appeals and to the judgment of the supreme court as amended, upon which it was issued. The execution was erroneous, but not void, and it has not been vacated, but is still in force. It therefore protects the defendants for acts done under it. If the sheriff exceeded his instructions under the execution, he, and not the defendants, is liable. The law may be stated as follows: First. That a void writ or process furnishes no justification to a party, and he is liable to an action for what has been done under it at any time, and it is not necessary that it should be set aside before bringing the action. Second. If the writ is irregular or erroneous, only, and not absolutely void, no action lies until it has been set aside; but, when set aside, it ceases to be a protection for acts done under it while in force. Third. If the process was regularly issued, in a case where the court had jurisdiction, the party may justify what has been done under it after it has been set aside for error in the judgment or proceeding. Day v. Bach, 87 N. Y. 61. In this case, as we have said, the process was erroneous, but not void; and it has never been set aside, but is still in force, as amended nunc pro tunc. I am therefore of opinion that the defendants are protected for the acts done under it, and that the complaint is demurrable. The question whether the process was void may be said to be res adjudicata, inasmuch as the supreme court, at special term, as appears from the complaint, has denied plaintiff's motion to vacate and set aside the execution for irregularity or erroneousness, has held that it was not a void process, but has amended it nunc pro tunc, as of the time of issuing, to make it conform more expressly to the decision of the court of appeals, and to the judgment, as amended, of the supreme court, upon which it was issued. For the reasons above stated, the demurrer must be sustained, with costs.

---

WOLF v. SELLING.

(Superior Court of New York City, General Term. October 24, 1893.)

PARTNERSHIP—FIRM PROPERTY—LIQUOR LICENSE.

Where it appears that the license to sell liquors under which a firm of liquor dealers did business was paid for with money of the firm, it will be adjudged to be partnership property, though it was taken in the name of one of the partners, who claims it as her individual property, and swears that she paid for it with her own money, but at the same time states that the firm paid her $200 for the use of it.

Appeal from special term.

Action by Adelheit Wolf against Ida Selling to dissolve a partnership theretofore subsisting between the parties under the firm name of Selling & Co., wholesale dealers in liquors. Levy Cohen was appointed receiver of the partnership property, and from an order requiring defendant to deliver to the receiver the license under which the firm did business, and other property, as belonging to the firm, defendant appeals. Affirmed.

An order to show cause why defendant should not deliver the property to the receiver was made on the affidavit of the receiver which, omitting the formal parts, is as follows:

Levy Cohen, being duly sworn, says that by an order of this court, duly made on 13th September, 1893, he was duly appointed the receiver of all the property, chattels, and effects belonging to the plaintiff and defendant in this action as copartners under the firm name of Selling & Co., and that in pursuance to said order this deponent duly qualified as receiver. That on the 14th day of September, 1893, this deponent duly demanded from the defendant, Ida Selling, the key of the safe in the premises 51 Avenue D, the license under which the business of the plaintiff and defendant was conducted, the lease of the premises of the place where the business of the plaintiff and defendant, as copartners aforesaid, was carried on, and all the books of account belonging to the copartnership firm of Selling & Co., composed of the parties to this action; but that the defendant, Ida Selling, has neglected and refused, and still neglects and refuses, to deliver to this deponent, as receiver aforesaid, the said property, books, license, lease, and key. Deponent further says that he prays this court for an order to show cause, returnable in less than the time to make a motion herein, requiring the defendant, Ida Selling, to show cause before this court why she should not deliver to this deponent, as receiver aforesaid, the personal property mentioned in this affidavit, and now in her possession or under her control, and why this deponent should not have such other and further relief as in the premises may seem just. And this deponent says that the reason why an order to show cause is asked is because this deponent, as receiver aforesaid, is anxious to administer the estate entrusted to him by this court, and become possessed of all the property and effects of this plaintiff and defendant. That no previous application for this order has been made to any court or judge.

The affidavit of Herman Wolf in support of the motion is as follows:

Herman Wolf, being duly sworn, says that he is the husband of Adelheit Wolf, the plaintiff herein; that deponent attended at the store of Selling & Co., consisting of plaintiff and defendant, upon a number of occasions, and examined the books of the firm; that from an inspection of the books of the said firm it appears that the liquor license issued to Ida Selling, the defendant herein, was paid for with the money of the said firm of Selling & Co., and not from the individual moneys of the said Ida Selling; that the said license was taken by said defendant, Ida Selling, in her own name, but as a matter of fact was paid for with the firm's money; that deponent was at the store of the said firm on the evening of August 30, 1893, and that this deponent, in the presence of Alfred J. Levine, asked the said defendant why the said license had been obtained in the name of the defendant, Ida Selling, instead of being in the firm name, and that said Levine replied, in the presence of the defendant, "We have done this to protect ourselves, as we have put more money in the business than you have." Deponent further says that the said license belongs to the copartnership assets of the firm of Selling & Co., and is not the individual property of the defendant, Ida Selling.

The affidavit of Ida Selling in opposition to the motion is as follows:

Ida Selling, being duly sworn, deposes and says: That she is the defendant in this action, and resides in the city and county of New York. That she is a member of the firm of Selling & Co., formerly doing business at No. 51 Avenue D, in the city of New York. She asks that the order directing her to deliver to the receiver certain personal property mentioned in the affidavit of the receiver should not be granted, for the following reasons: First, the keys have been delivered, the account books, seven in number, which was all that was in her possession, have been delivered. The lease it is impossible

for her to deliver, for the reason it is not in her possession, nor has it been in her possession for some time. She asks that she may not be compelled to deliver the license, for the reason that it is her private and personal right, granted to her alone, to sell liquor, the application having been made by her on or about the 1st of June, the license having been issued on the 22d day of June, and bearing date June 3d. The license was paid for by her. By arrangement with the firm the said license was used by the firm of Selling & Co., who paid $200 for the use of it for one year, the same being charged on the books to merchandise and for the use of same. It has been furthermore held by the board of excise that it is a private and personal right, granted to an individual or individuals, which may be or may not be defeated, and that it is not property. Inasmuch as your deponent had to secure bondsmen, and as she alone is liable for any violation of that license and of the excise law, it would be manifestly unfair for the receiver to take it, as it does not belong to the firm, and is not property. It cannot, therefore, be firm property. It is simply an individual right, and she therefore asks that the order directing her to deliver to the receiver the said license may not be granted.

On the hearing it was ordered:

It is ordered, "that said motion be, and the same hereby is, in all things hereby granted, and that said defendant, Ida Selling, forthwith and upon the service of this order deliver over to Levy Cohen, Esq., the receiver heretofore appointed herein, any and all property in her possession or under her control belonging to the partnership firm of Selling & Co., and more especially the liquor license used by said firm in its business, and which was obtained and made out in the name of said defendant, Ida Selling, for the use of said firm."

The following is the opinion of Judge McADAM on granting the motion:

The license was evidently paid for by the firm, and with its money, was used by the copartnership, and the business could not and cannot be carried on without it. The defendant claims that she paid for it with her own money, and at the same time admits that the firm paid $200 for the use of it. The right to that use continues, and the license must be delivered to the receiver. As to the other property, the order must direct her to deliver up so much of it as is in her possession and control. So limited, the application to deliver over will be granted; no costs.

Argued before FREEDMAN and GILDERSLEEVE, JJ.

Koch, Lockwood & Hart, (W. F. S. Hart, of counsel,) for appellant.
Goodhart & Phillips, (A. L. Phillips, of counsel,) for respondent.

PER CURIAM. The order appealed from must be affirmed, on the opinion of the learned court below, with $10 costs and disbursements.

(5 Misc. Rep. 508.)

## HUMBLE v. McDONOUGH.

(Superior Court of Buffalo, General Term. November 14, 1893.)

1. PLEADING—GENERAL DENIAL ON INFORMATION AND BELIEF.
   An answer that "defendant says that, upon information and belief, he denies each and every allegation," is, in substance, a general denial on information and belief.

2. SAME.
   Where a complaint to recover for services rendered as an architect fails to state who performed the services, or that plaintiff is an architect, or for whom the services were performed, or that defendant